LOWNDES COUNTY, GEORGIA
Lowndes County - Superior Court
2022CV0159
2/3/2022 2:05 PM
Beth C. Greene
Clerk of Superior State Juvenile Courts
Reviewed by: Stacy Barrett

## IN THE SUPERIOR COURT OF LOWNDES COUNTY
## STATE OF GEORGIA

WANDA LEE, individually and as
ADMINISTRATOR OF THE ESTATE OF
JAMES LEE,

    *Plaintiff*,

    vs.

APOGEE MEDICAL MANAGEMENT,
INC.

    *Defendants*.

CIVIL ACTION NO.

2022CV0159

## SUMMONS

**TO:   APOGEE MEDICAL MANGEMENT, INC.**
**c/o Corporation Service Company – Registered Agent**
**8825 N. 23rd St., Suite 100, Phoenix, AZ 85021**

You are hereby summoned and required to file with the Clerk of said Court and serve upon the Plaintiff's attorney, whose name and address is:

**GIBSON AND ASSOCIATES P.C.**
**117 Albany Avenue**
**P. O. Drawer 1589**
**Waycross, Georgia 31502-1589**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusively of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This ____3rd____ day of ____February____, 2022.

Clerk of Superior Court

/s/ Stacy Barrett



Exhibit
A

LOWNDES COUNTY, GEORGIA
Lowndes County - Superior Court
2022CV0159
2/3/2022 2:05 PM
Beth C. Greene
Clerk of Superior State Juvenile Courts
Reviewed by: Stacy Barrett

## IN THE SUPERIOR COURT OF LOWNDES COUNTY
## STATE OF GEORGIA

WANDA LEE, individually and as
ADMINISTRATOR OF THE ESTATE OF
JAMES LEE,

    *Plaintiff,*

    vs.

APOGEE MEDICAL MANAGEMENT,
INC.

    *Defendants.*

CIVIL ACTION NO.

2022CV0159

_____

### COMPLAINT BY THIRD PARTY BENEFICIARY TO CONTRACT

COMES NOW, WANDA LEE, individually and as Administrator of the Estate of

James Lee, Plaintiff in the above-captioned action, and shows the C

ourt the following:

### Parties, Jurisdiction and Venue

1.

Apogee Medical Management, Inc. (hereinafter Apogee Management) is an

Arizona corporation not authorized to do business in Georgia.

2.

Apogee Management has never been authorized to do business in Georgia.

3.

Apogee Management maybe served by serving its registered agent Corporation

Service Company at 8825 N. 23rd Avenue, Suite 100, Phoenix, Arizona 85021.

4.

On November 16, 2016, Apogee Management entered into an agreement with Hospital Authority of Valdosta and Lowndes County, Georgia d/b/a South Georgia Medical Center (hereinafter Hospital Authority).

5.

Venue is proper in this Court pursuant to O.C.G.A. §9-10-93.

**Count I - Breach of Contract of Apogee Medical Management, Inc.**

6.

The agreement dated November 16, 2016 between Apogee Management and the Hospital Authority was for the benefit of patients in South Georgia Medical Center (hereinafter the agreement).

7.

On February 7, 2018, James Lee as a patient in South Georgia Medical Center was an intended beneficiary of the agreement.

8.

The agreement required Apogee Management to supervise the Providers to perform the services described in the agreement.

9.

Apogee Management did not supervise the Providers who should have cared for James Lee on February 7, 2018.

10.

The agreement required Program Directors to perform the duties delineated in Schedule B.

11.

Schedule B requires the Program Directors to establish standards for Hospitalist Services.

12.

The Program Directors did not establish standard for Hospitalist Services.

13.

Schedule B requires the Program Directors to ensure the requirements of the Joint Commission were materially met.

14.

The Program Directors did not ensure the requirements of the Joint Commission were materially met.

15.

The agreement requires the Hospitalists to provide comprehensive professional inpatient services for all Hospitalist patients.

16.

The Hospitalists did not provide comprehensive professional inpatient services for James Lee on February 7, 2018.

17.

The agreement required the Hospitalist to perform the duties delineated in Schedule C.

18.

Schedule C requires the Hospitalists to conduct initial patient assessments and admission procedures; formulate and implement a treatment plan; schedule and review clinical and diagnostic tests as medically necessary for each patient; provide timely and regular reports to primary care physicians and family members regarding all aspects of patient's medical condition and course of treatment; conduct multiple rounds daily as necessary for the acuity of patient's conditions; coordinate and integrate specialty and subspecialty consultations; ...

19.

The Hospitalists did not:

a) conduct initial patient assessments and admission procedures;

b) formulate and implement a treatment plan;

c) schedule and review clinical and diagnostic tests as medically necessary;

d) provide timely and regular reports to primary care physicians and family members regarding all aspects of the patient's medical condition and course of treatment;

e) conduct multiple rounds daily as necessary for the acuity of patient's conditions; nor,

f) coordinate and integrate specialty and subspecialty consultations;

for James Lee on February 7, 2018.

20.

Schedule C requires Apogee Management to develop and implement jointly with SGMC appropriate Performance Improvement, Quality Management and Risk Management activities for Hospitalist.

21.

Apogee Management did not develop and implement jointly with SGMC appropriate Performance Improvement, Quality Management and Risk Management activities for Hospitalist.

22.

Schedule C requires Hospitalist to provide medical co-management for surgical specialists when requested.

23.

Dr. Kevin Collins requested that the Hospitalist Service provide medical co-management for James Lee on February 7, 2018.

24.

Apogee Management provided no co-management of James Lee on February 7, 2018.

25.

If Apogee Management had done the things it agreed to do in the agreement it is more likely than not James Lee would not have died on February 8, 2018.

26.

The claims made against Apogee Medical Management, Inc are not medical malpractice claims as defined by O.C.G.A. §9-3-70.

WHEREFORE, Plaintiff demands:

a) the issuance of summons and service upon Defendant Apogee Medical Management, Inc. in terms of law;

b) she have trial by jury;

c) judgment against the Defendant Apogee Medical Management, Inc. for all damages allowed under Georgia law, including but not limited to, recovery for general and special damages, including pain and suffering, in an amount not less than $1,000,000.00;

d) she recover interest and costs of this action; and

e) she have such other relief as this Court deems just and proper.

This 3rd day of February, 2022.

GIBSON AND ASSOCIATES P.C.

/s/ Douglas L. Gibson
DOUGLAS L. GIBSON
State Bar No. 292775
*Attorneys for Plaintiff*

117 Albany Avenue
Waycross, Georgia 31501
Post Office Drawer 1589
Waycross, Georgia 31502-1589
Telephone: (912) 283-3858
Facsimile: (912) 283-3806
Email: doug.gibson@gibsonlawpc.com

LOWNDES COUNTY, GEORGIA
Lowndes County - Superior Court
2022CV0159
3/23/2022 3:09 PM
Beth C. Greene
Clerk of Superior State Juvenile Courts
Reviewed by: Laura Gallegos

## IN THE SUPERIOR COURT OF LOWNDES COUNTY
## STATE OF GEORGIA

WANDA LEE, individually and as
ADMINISTRATOR OF THE ESTATE OF
JAMES LEE,

     Plaintiff,

vs.

APOGEE MEDICAL MANAGEMENT,
INC.,

     Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

CIVIL ACTION FILE NO.
2022CV0159

## APOGEE MEDICAL MANAGEMENT, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT BY THIRD PARTY BENEFICIARY TO CONTRACT

COMES NOW, Apogee Medical Management, Inc., Defendant in the above-styled action,

by and through its undersigned counsel, and files this Answer to Plaintiff's Complaint for By Third

Party Beneficiary to Contract (hereinafter "Plaintiff's Complaint"), as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted and therefore,

Plaintiff's Complaint should be dismissed accordingly.

### SECOND DEFENSE

Plaintiff's Complaint fails to comply with the mandatory prerequisites of O.C.G.A. § 9-11-

9.1, and therefore, Plaintiff's Complaint should be dismissed accordingly.

### THIRD DEFENSE

No alleged negligent act or omission to act by the Defendant and/or its employees either

caused or contributed to Plaintiff's alleged injuries, and therefore, Plaintiff's Complaint should be

dismissed accordingly.

## FOURTH DEFENSE

To the extent as may be shown by the evidence through discovery, Plaintiff's Complaint may be barred by the doctrine of contributory/comparative negligence, and therefore, Plaintiff's Complaint should be dismissed accordingly.

## FIFTH DEFENSE

To the extent as may be shown by the evidence through discovery, the Defendant avers the O.C.G.A. § 9-11-8(c) affirmative defenses of accord and satisfaction, arbitration and award, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, and waiver. The Defendant reserves the right to plead and prove such other defenses, including but not limited to those allowed by O.C.G.A. § 9-11-8, as may become known during the course of investigation and discovery.

## SIXTH DEFENSE

The Defendant shows that Apogee Medical Management, Inc., and its employees, in their care and treatment of James Lee at all times met the applicable standard of care generally under like and similar surrounding circumstances, and therefore, Plaintiff's Complaint should be dismissed accordingly.

## SEVENTH DEFENSE

Plaintiff's damages, if any, were the proximate result of an unforeseeable, independent, intervening, and superseding cause, which bars any recovery against the Defendant.

## EIGHTH DEFENSE

To the extent as may be shown by the evidence through discovery, the Defendant avers Plaintiff's Complaint may be barred by the doctrine of assumption of the risk and therefore,

Plaintiff's Complaint should be dismissed accordingly.

## NINTH DEFENSE

The Defendant denies Plaintiff's allegations of wrongdoing or that Plaintiff is entitled to any recovery from the Defendant for alleged wrongdoing.

## TENTH DEFENSE

The Plaintiff failed to establish the necessary elements of a breach of contract by a third-party beneficiary to a contract, and therefore, Plaintiff's Complaint should be dismissed accordingly.

## ELEVENTH DEFENSE

Venue is improper in this Court, and therefore, Plaintiff's Complaint should be dismissed accordingly.

## TWELFTH DEFENSE

Jurisdiction is improper in this Court, and therefore, Plaintiff's Complaint should be dismissed accordingly.

## THIRTEENTH DEFENSE

In responding to the specific allegations contained in Plaintiff's Complaint, the Defendant responds as follows:

### Parties, Jurisdiction and Venue

1.

In responding to the allegations contained in Paragraph 1 of Plaintiff's Complaint, the Defendant is an Arizona Company. All other allegations contained in this Paragraph can be neither admitted nor denied for want of sufficient information to form a belief of the truth of the averments therein.

2.

In responding to the allegations contained in Paragraph 2 of Plaintiff's Complaint, said allegations can be neither admitted nor denied for want of sufficient information to form a belief of the truth of the averments therein.

3. – 4.

In responding to the allegations contained in Paragraphs 3 through 4 of Plaintiff's Complaint, said allegations are admitted.

5.

In responding to the allegations contained in Paragraph 5 of Plaintiff's Complaint, said allegations are denied.

## Court I – Breach of Contract of Apogee Medical Management, Inc.

6. – 9.

In responding to the allegations contained in Paragraphs 6 through 9 of Plaintiff's Complaint, said allegations are denied.

10.

In responding to the allegations contained in Paragraph 10 of Plaintiff's Complaint, said allegations are admitted.

11. – 16.

In responding to the allegations contained in Paragraphs 11 through 16 of Plaintiff's Complaint, said allegations are denied.

17. – 18.

In responding to the allegations contained in Paragraphs 17 through 18 of Plaintiff's Complaint, said allegations are admitted.

**19.**

In responding to the allegations contained in Paragraph 19 of Plaintiff's Complaint, said allegations are denied.

**20.**

In responding to the allegations contained in Paragraph 20 of Plaintiff's Complaint, said allegations are admitted.

**21.**

In responding to the allegations contained in Paragraph 21 of Plaintiff's Complaint, said allegations are denied.

**22.**

In responding to the allegations contained in Paragraph 22 of Plaintiff's Complaint, said allegations are admitted.

**23.**

In responding to the allegations contained in Paragraph 23 of Plaintiff's Complaint, said allegations can be neither admitted nor denied for want of sufficient information to form a belief of the truth of the averments therein.

**24. – 26.**

In responding to the allegations contained in Paragraphs 24 through 26 of Plaintiff's Complaint, said allegations are denied.

The Defendant denies all express or implied allegations of the Plaintiff's Complaint that have not been admitted, denied, or otherwise responded to in this Answer.

The Defendant further denies any and all allegations contained in the WHEREFORE section of Plaintiff's Complaint.

WHEREFORE, Defendant Apogee Medical Management, Inc., having answered the Plaintiff's Complaint, requests that the Court dismiss the Plaintiff's Complaint or, in the alternative, enter judgment against the Plaintiff and in favor of Defendant Apogee Medical Management, Inc. with all costs of this action being cast against the Plaintiff and for such other and further relief as this Court deems just and proper and a trial by a jury of 12 persons.

This 23rd day of March, 2022.

Respectfully submitted,

HUFF, POWELL & BAILEY, LLC

/s/ Brian K. Mathis
BRIAN K. MATHIS
Georgia Bar No. 477026
ZACHARY H. FULLER
Georgia Bar No. 641810

Counsel for Defendant
Apogee Medical Management, Inc.

999 Peachtree Street, NE,
Suite 950
Atlanta, Georgia 30309
(404) 892-4022
bmathis@huffpowellbailey.com
zfuller@huffpowellbailey.com

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that I have this day served a copy of the within and foregoing APOGEE MEDICAL MANAGEMENT, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT BY THIRD PARTY BENEFICIARY TO CONTRACT upon all parties or their counsel of record via Odyssey eFileGA and by Statutory Electronic Service, addressed as follows to assure delivery to:

Douglas L. Gibson
GIBSON AND ASSOCIATES P.C.
Post Office Drawer 1589
117 Albany Avenue
Waycross, Georgia 31502-1589
doug.gibson@gibsonlawpc.com

This 23rd day of March, 2022.

HUFF, POWELL & BAILEY, LLC

*/s/ Brian K. Mathis*
BRIAN K. MATHIS
Georgia Bar No. 477026
ZACHARY H. FULLER
Georgia Bar No. 641810

*Counsel for Defendant*
*Apogee Medical Group, Georgia, Inc.*

999 Peachtree Street, NE,
Suite 950
Atlanta, Georgia 30309
(404) 892-4022
bmathis@huffpowellbailey.com
zfuller@huffpowellbailey.com

LOWNDES COUNTY, GEORGIA
Lowndes County - Superior Court
2022CV0159
3/23/2022 3:09 PM
Beth C. Greene
Clerk of Superior State Juvenile Courts
Reviewed by: Laura Gallegos

## IN THE SUPERIOR COURT OF LOWNDES COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| WANDA LEE, individually and as ADMINISTRATOR OF THE ESTATE OF JAMES LEE, <br><br> Plaintiff, <br><br> vs. <br><br> APOGEE MEDICAL MANAGEMENT, INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) |

CIVIL ACTION NO.
2022CV0159

## <u>NOTICE OF REMOVAL TO DISTRICT COURT</u>

COMES NOW, Apogee Medical Management, Inc., Defendant in the above-styled action, by and through its undersigned counsel, and pursuant to 28 U.S.C. §§ 1332 and 1446, files this Notice of Removal to District Court.

Defendant hereby provides notice to Plaintiff that this case is being removed the United States District Court for the Middle District of Georgia, Valdosta Division, based upon diversity jurisdiction, pursuant to 28 U.S.C. § 1441.

This 23rd day of March, 2022.

Respectfully submitted,

HUFF, POWELL & BAILEY, LLC

*/s/ Brian K. Mathis*
BRIAN K. MATHIS
Georgia Bar No. 477026
ZACHARY H. FULLER
Georgia Bar No. 641810

*Counsel for Defendant*
*Apogee Medical Management, Inc.*

999 Peachtree Street, NE,
Suite 950
Atlanta, Georgia 30309
(404) 892-4022
[bmathis@huffpowellbailey.com](mailto:bmathis@huffpowellbailey.com)
[zfuller@huffpowellbailey.com](mailto:zfuller@huffpowellbailey.com)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day served a copy of the within and foregoing NOTICE OF REMOVAL TO DISTRICT COURT upon all parties or their counsel of record via CM/ECF's Electronic Case Filing System and by Statutory Electronic Service, addressed as follows to assure delivery to:

Douglas L. Gibson
GIBSON AND ASSOCIATES P.C.
Post Office Drawer 1589
117 Albany Avenue
Waycross, Georgia 31502-1589
doug.gibson@gibsonlawpc.com

This 23rd day of March, 2022.

HUFF, POWELL & BAILEY, LLC

/s/ Brian K. Mathis
BRIAN K. MATHIS
Georgia Bar No. 477026
ZACHARY H. FULLER
Georgia Bar No. 641810

*Counsel for Defendant*
*Apogee Medical Group, Georgia, Inc.*

999 Peachtree Street, NE,
Suite 950
Atlanta, Georgia 30309
(404) 892-4022
bmathis@huffpowellbailey.com
zfuller@huffpowellbailey.com