# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

**WANDA LEE, individually and as ADMINISTRATOR OF THE ESTATE OF JAMES LEE**,

    Plaintiff,

v.

**APOGEE MEDICAL MANAGEMENT, INC.**,

    Defendant.

Civil Action No. 7:22-cv-32 (HL)

## ORDER

Plaintiff Wanda Lee, individually and as the Administrator of the Estate of James Lee, filed this lawsuit on February 3, 2022 in the Superior Court of Lowndes County. Plaintiff alleges that the breach of an agreement between Defendant Apogee Medical Management, Inc. and the Hospital Authority of Valdosta and Lowndes County Georgia, d/b/a South Georgia Medical Center, resulted in the death of James Lee on February 8, 2018. Defendant removed the case to this Court on March 23, 2022. (Doc. 1). Plaintiff filed an amended complaint on April 12, 2022. (Doc. 12). The amended complaint added several additional factual allegations but did not otherwise alter the basis of Plaintiff's claim against Defendant.

Now before the Court is Defendant's Motion to Dismiss. (Doc. 8). Defendant argues that while Plaintiff labels her claim as one for breach of

contract, Plaintiff's claim arises out of alleged medical malpractice. An action for medical malpractice is subject to a two-year statute of limitations under Georgia law. Accordingly, Defendant asserts Plaintiff's claim is not timely and should be dismissed. For the following reasons, the Court **GRANTS** Defendant's motion.

I.      FACTUAL AND PROCEDURAL BACKGROUND

Apogee Medical Management, Inc. ("AMM") and the Hospital Authority of Valdosta and Lowndes County, Georgia, d/b/a South Georgia Medical Center ("SGMC") entered into an agreement dated November 16, 2016, under which AMM agreed "to provide Hospitalists, Intensivists, And Mid-Level Providers . . . twenty-four (24) hours per day, seven (7) days per week" at SGMC. (Doc. 1-2, ¶¶ 4, 6; Doc. 12, ¶ 27). Under the terms of the agreement, hospitalists were to provide the following services:

(a) conduct initial patient assessments and admissions procedures;

(b) formulate and implement a treatment plan;

(c) schedule and review clinical diagnostic tests as medically necessary;

(d) provide timely and regular reports to primary care physicians and family members;

(e) conduct multiple rounds daily as necessary for the acuity of patient's conditions;

(f) coordinate and integrate specialty and subspecialty consultations.

(Doc. 1-2, ¶ 18).

James Lee was admitted to SGMC for care on February 7, 2018. (Id. at ¶7). In her initial complaint, Plaintiff alleged Dr. Kevin Collins requested a hospitalist to co-manage Lee's care. (Id. at ¶ 23). Plaintiff also alleged AMM failed to provide any of the co-management services required under the contract with SGMC. (Id. at ¶ 24). In her amended complaint, Plaintiff states these services were provided by another corporation and that no agent of AMM provided any medical care to James Lee. (Doc. 12, ¶¶ 29-31). According to Plaintiff, had AMM performed these contractual services, Lee "more than likely" would not have died on February 8, 2018. (Doc. 1-2, ¶ 25; Doc. 12, ¶ 32).

## II.   MOTION TO DISMISS STANDARD

When ruling on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept "all well-pleaded facts . . . as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." Bryant v. Avado Brands, Inc., 187 F.3d 1271,1273 n.1 (11th Cir. 1999). To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). While a complaint need not contain detailed factual allegations, it must provide "more than labels or conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. The allegations "must be enough to raise a right of relief above the

speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id.

"The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. Iqbal, 556 U.S. at 678. Further, while a court must accept all factual allegations in a complaint as true, this principle "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient. Id. The complaint must "give the defendant fair notice of what the [plaintiff's] claim is and the grounds upon which it rests." Twombly, 550 U.S. at 556 (citation and internal quotations omitted).

## III. DISCUSSION

Plaintiff alleges that had AMM performed as anticipated under the terms of the contract with SGMC, James Lee more than likely would not have died on February 8, 2018. While Plaintiff attempts to frame her claim as a claim for breach of contract, for which Georgia law provides a six-year statute of limitations, O.C.G.A. § 9-3-24, Plaintiff's claim plainly calls into question the

professional judgment of AMM.[1] Consequently, a two-year statute of limitations applies, and Plaintiff's claim is barred.

Under Georgia law, "the scope of application of [a] statute of limitations is determined by the nature of the injury sustained rather than the legal theory underlying the claim for relief." Daniel v. Am. Optical Corp., 251 Ga. 166, 167 (1983). Here, Plaintiff asserts a claim for breach of contract, but the nature of the injury—James Lee's untimely death—clearly is one for personal injury and implicates the professional, medical judgment of AMM.[2] An "action for medical malpractice shall be brought within two years after the date on which an injury or death arising from a negligent or wrongful act or omission occurred." O.C.G.A. § 9-3-71(a). Georgia courts have routinely held that the medical malpractice statute of limitations "applies to both tort and contract theories of liability when the claim calls into question the conduct of a professional in his area of expertise." Robinson v. Williamson, 245 Ga. App. 17, 19 (2000) (applying O.C.G.A. § 9-3-71(a) to dismiss a claim for breach of warranty); Adams v. Griffis, 217 Ga. App. 364, 365 (2005) (applying the medical malpractice statute of limitations to dismiss claims for negligent supervision and retention); Knight v. Sturm, 212 Ga. App. 391, 392 (1994) (dismissing untimely claims for fraudulent

---

[1] The parties agree that Georgia law governs. (Doc. 8, p. 4-5; Doc. 13, p. 4).
[2] During a hearing held on July 25, 2022, the Court inquired about the measure of damages in this case. Plaintiff's counsel responded that the measure of damages would be the life of Mr. Lee, not some amount determined under the term of any contract.

representation, fraudulent concealment of material information, breach of express and implied warranties, and breach of contract).

James Lee passed away on February 8, 2018. Plaintiff accordingly had until February 2020 to assert her claims against AMM. Plaintiff waited until February 2022—two years too late. Plaintiff's claim is therefore barred.

Defendant moves the Court under O.C.G.A. § 9-11-37(a)(4)(A) for an award of reasonable expenses and attorney's fees for the filing of its motion to dismiss. Defendant's motion is **DENIED**.

## IV.   CONCLUSION

For the reasons stated, Defendants Motion to Dismiss is **GRANTED**. Plaintiff's Complaint is **DISMISSED with prejudice**. The Court **DENIES** Defendant's motion for attorney's fees and expenses.

**SO ORDERED**, this 9th day of August, 2022.

*s/ Hugh Lawson*_____
**HUGH LAWSON, SENIOR JUDGE**

aks